DECISION
Plaintiff appeals Defendant's decision rendered in response to Plaintiff's request for innocent spouse relief for tax years 1997, 1998, and 1999. Plaintiff also included tax year 2000 in her appeal.
 I. STATEMENT OF FACTS
Defendant's decision, dated September 16, 2008, states that it denied Plaintiff's request for innocent spouse relief because Plaintiff failed to provide "enough information to determine" if she met the statutory requirements. (Ptf's Compl at 5.) In response, on January 26, 2009, Plaintiff filed an appeal with the Oregon Tax Court. On April 8, 2009, the conference officer who initially reviewed Plaintiff's original request concluded that income taxes for tax years 1997 and 1998 were paid in full, and for tax year 1999, Plaintiff would "no longer be liable for that tax year." (Def's Conf Officer Ltr, Apr 8, 2009.) In her appeal, Plaintiff requested innocent spouse relief for tax year 2000. The conference officer denied Plaintiff's request for tax year 2000 and stated that she is jointly liable for "the balance due as of April 10, 2009" of "$167.43 with $.03 interest accruing daily." (Id.) *Page 2 
Plaintiff wrote to the court on April 24, 2009, requesting the court to "give [her] a brake at present time for $167.43, which I am innocent for that too. If not as soon as my divorce, I will pay in full." (Ptf's Ltr, Apr 24, 2009.)
 II. ANALYSIS
Plaintiff sought relief from joint state income tax liabilities for tax years 1997, 1998, 1999, and 2000.[1] Plaintiff's liability for tax years 1997 and 1998 was paid in full prior to the date of her request for relief. Defendant granted Plaintiff's request for tax year 1999 and denied Plaintiff's request for tax year 2000. Plaintiff's request was permitted by ORS 316.369[2] which states in pertinent part:
 "If a joint return has been made under this chapter for a tax year, a spouse shall be relieved of liability for tax, including interest, penalties and other amounts, for the tax year:
 * * *
 (2) If the Internal Revenue Service has not made a determination that relieved the spouse of liability for the tax year, but the spouse qualifies to be relieved of state tax liability under rules adopted by the Department of Revenue."
That statute grants Defendant authority to make review in accordance with its rules. ORS 316.369(2). The court may review Defendant's decision to determine if Defendant's decision was rendered in compliance with its rules. The court has no statutory authority to make its own independent decision after a review of the facts.
Defendant denied Plaintiff's request for tax year 2000 because the conference officer concluded that, given the tax-to-pay in the amount of $167.43, Plaintiff would not suffer economic hardship if the relief was not granted. Defendant reviewed Plaintiff's current income *Page 3 
and expenses and concluded that Plaintiff could pay the tax "[i]f she made a $5 payment each month for five years." (Def's Conf Officer Ltr, Apr 8, 2009.) Given the conference officer's detailed review, the court does not find that Defendant abused its discretion in making its determination.
 III. CONCLUSION
Defendant granted in part and denied in part Plaintiff's request for relief from four years of state income tax-to-pay. There is nothing in the record to show that Defendant abused its discretion in denying Plaintiff's request for tax year 2000. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff has no state income tax-to-pay for tax years 1997 and 1998;
IT IS FURTHER DECIDED that Plaintiff has no responsibility for state income tax-to-pay for tax year 1999; and
IT IS FURTHER DECIDED that Plaintiff is jointly liable for state income tax-to-pay for tax year 2000.
Dated this ___ day of May 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner on May19, 2009. The Court filed and entered this document on May 19, 2009.
[1] Defendant's conference officer states that Plaintiff "did not provide us proof that she either filed a request with the IRS or was granted relief." (Def's Conf Officer Ltr, Apr 8, 2009.)
[2] References to the Oregon Revised Statutes (ORS) are to 2005.